Van Brunt, P. J.
This action was brought to recover for commissions earned in the negotiation of a contract for a sale of merchandise to and purchase by the Rendrock Powder Company.
The answer was a general denial.
It appears from the evidence that the defendant was *18 president of the Ravensend Chemical Company, a company' organized to maufacture chlorate of potash, and was about to engage in this manufacture. The plaintiff being aware that the Rendrock Powder Company desired to purchase supplies of chlorate of potash, sent for the defendant and asked him if he was prepared to furnish chlorate of potash, and, if so, if he desired to make an arrangement with him to sell same.
Subsequently the defendant saw the plaintiff and told him that his company was going to manufacture large quantities of it—several tons a day—and asked him if he could negotiate for him a contract for a considerable-amount. The plaintiff told him he could do so, and subquently reported to him that the Rendrock Powder Company would make a contract for 100 tons at fourteen cents a pound. After some further conversrtion the plaintiff told the defendant that he did not care to go further into the negotiation if the Ravenswood Company was not strong, as he wanted his commission, and finally the defendant told the plaintiff that if he would get the contract he would pay him personally.
The plaintiff thereupon saw the Rendrock Company and reported to the defendant that they would make a contract, and one was drawn, and submitted to Mr. Cunningham to get signed, which was apparently satisfactory to him.
In July the defendant asked for time to reorganize the company.
The plaintiff told him that he was willing to continue-negotiations and carry them through provided he would personally pay him.
The defendant does not seem ever to have reorganized the company, and refused to pay plaintiff’s claim for commissions.
The defendant gave evidence tending to disprove the-plaintiff’s allegation of employment, and that the terms of a contract had been agreed upon. The learned court charged the jury that the question was whether this contract was negotiated, whether there was an agreement made on the part of one corporatian to manufacture and the other to receive the 100 tons of chlorate of potash.
The plaintiff’s counsel thereupon requested the court to charge as follows:
“I ask your honor to charge the jury that whether the contract was ever executed or not, if Mr. Fitch performed' such services as secured the assent of the Rendrock Powder-Company to this contract in the terms assented to by Mr. Cunningham, and Mr. Cunningham agreed to pay Mr. Fitch a commission for rendering his services, Mr. Fitch is entitled to recover.”
*19 The court thereupon said:
“He would not be entitled to recover for his services under those circumstances unless the corporation Mr. Cunningham represented had agreed or was willing to perform the services of the manufacture of the article, or unless Cunningham had represented to Fitch that they were so willing and ready to manufacture the article.”
To which the counsel for the plaintiff excepted.
We think that the learned court erred in charging the jury that a necessary element to be proved was that the corporation represented had agreed or was willing to perform the services in the manufacture, or unless Cunningham had represented to Fitch that they were so willing and ready to manufacture the article.
The Eavenswood Chemical Company was no party to the agreement between the plaintiff and the defendant. The plaintiff had performed his part of the contract when he procured a purchaser upon terms assented to by Cunningham, his employer, and although the Eavenswood Company was expected to do the manufacturing, yet the plaintiff had nothing to do with them. His employer was the defendant, and when he obtained a customer upon the terms and conditions assented to by him, his commissions were earned.
Heither is it any answer to the plaintiff’s claim to say that he agreed to wait until the reorganization of the new company, and such new company was never formed. Because the plaintiff’s right to his commissions had become fixed before this time, if his testimony is true, and a mere promise to wait without any new consideration in no way changed his legal position.
These facts, however, might well be considered by the jury in weighing the evidence as to performance.
It would, therefore, appear that the jury must have had an erroneous view of what it was necessary for the plaintiff to prove in order to entitle him to recover upon a branch of the case which may have materially affected the rights of the plaintiff.
The judgment must be reversed and a new trial ordered, with costs to appellant to abide event.
Daniels and Bartlett, JJ., concur.